FILED
08/07/2020
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 15, 2020

## STATE OF TENNESSEE v. DONTE DAVIS

**Appeal from the Circuit Court for Coffee County**
No. 43790F   Vanessa Jackson, Judge

_____

### No. M2019-01314-CCA-R3-CD

_____

Donte Anton Davis, Defendant, was indicted by a Coffee County grand jury for violation of the Sex Offender Registry.  Defendant entered a guilty plea, and the trial court sentenced Defendant as a career offender to serve six years in confinement.  Defendant filed a timely notice of appeal and argues that his sentence was excessive and that the trial court failed to include specific findings to support its denial of the mandatory minimum sentence.  The State argues that the trial court exercised proper discretion and sentenced Defendant appropriately.  After a thorough review of the record, we find no error in the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT L. HOLLOWAY, JR., JJ., joined.

John E. Nicoll, District Public Defender, and Trenena G. Stanley, Assistant District Public Defender, for the appellant, Donte Anton Davis.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Assistant Attorney General; Craig Northcott, District Attorney General; and Jason M. Ponder, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

*Facts and Procedural History*

According to testimony at Defendant's preliminary hearing, Defendant was released from the Hardeman County Jail on September 23, 2016.  Defendant was placed on community supervision for life after a prior conviction and was required to report to

Probation Officer Libbi Stejskal. Defendant was outfitted with a GPS tracking unit so Officer Stejskal could locate him to make sure he was adhering to the terms of the Sex Offender Registry. Upon release, Defendant was homeless and did not provide an address. Officer Stejskal gave Defendant a list of approved places to live. She reminded Defendant of the restriction that prohibited him from residing within 1000 feet of a school, park, or day care.

On October 23, 2016, Officer Stejskal checked Defendant's location using his GPS tracker. The tracker indicated Defendant was at a residence within 1000 feet of East Lincoln Elementary School and East Middle School. Officer Stejskal went to Defendant's location and again reminded him that he could not reside there. Further tracking revealed that Defendant left the residence for a few days, then returned to the area within 1000 feet of the schools. Defendant also failed a drug screen for cocaine use.

Defendant was indicted in January of 2017 by the Coffee County grand jury with a violation of the sex offender registry. At Defendant's plea hearing, he indicated that he understood the plea agreement. Defendant understood that he was living within 1000 feet of East Middle School and was charged and indicted for a violation of the Sex Offender Registry. Defendant stipulated to the factual basis for his guilty plea. Defendant acknowledged that he understood the violation to be a Class E felony.

At the sentencing hearing, the pre-sentence report, which was entered without objection, indicated Defendant had six prior felonies which rendered him a career offender for a Class E felony. The State asked the trial court to notice that Defendant had "a pretty significant history of noncompliance with alternative sentencing options having been violated for parole, probation, or community corrections." The pre-sentence report showed that Defendant's probation had been revoked multiple times. While awaiting sentencing on the current charge, Defendant was arrested and convicted in Rutherford County. No other proof from the sentencing hearing appears in the record.

The trial court announced that it had read the pre-sentence report and noted Defendant's extensive criminal record. The State recommended that Defendant be sentenced to six years and argued that Defendant was not a good candidate for alternative sentencing.

The trial court found that the minimum sentence was insufficient. The State stated that the trial court only had two sentencing options because Defendant was found to be a career offender. The State indicated that the trial court could sentence Defendant to six years or a split confinement six-year sentence with a statutory cap of time served to one year. Defense counsel agreed that these were the options that could be considered by the trial court. The trial court ultimately sentenced Defendant to six years' confinement.

*Analysis*

Defendant argues that the trial court erred in failing to include specific findings to support its denial in sentencing Defendant to the mandatory minimum sentence. Defendant also argues that the sentence was excessive. The State argues that the trial court did not abuse its discretion. We agree with the State.

When a defendant challenges the length or manner of service of a within range sentence, this Court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012); *State v. Bise*, 380 D.W.3d 682, 708 (Tenn. 2012). This presumption applies to "within range sentencing decisions that reflect a proper application of the purposes and principles of the Sentencing Act." *Bise*, 380 S.W.3d at 707. A trial court abuses its discretion in sentencing when it "applies an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that causes an injustice to the party complaining." *State v. Shuck*, 953 S.W.2d 662, 669 (Tenn. 1997) (citing *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996)). This deferential standard does not permit an appellate court to substitute its judgment for that of the trial court. *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998). The defendant bears the burden of proving that the sentence is improper. T.C.A § 40-35-101, Sentencing Comm'n Cmts.

In reaching its decision, the trial court must consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in his own behalf; and (8) the result of the validated risk and needs assessment conducted by the department and contained in the presentence report. *See* T.C.A § 40-35-102, -103, -210(b); *see also Bise*, 380 S.W.3d at 697-98. "[T]he trial court is free to select any sentence within the applicable range so long as the length of the sentence is "consistent with the purposes and principles of [the Sentencing Act]." *State v. Carter*, 254 S.W.3d 335, 343 (Tenn. 2012) (internal citations omitted). Additionally, the sentence imposed "should be no greater than that deserved for the offense committed" and "should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." T.C.A. § 40-35-103(2), (4). The weighing of various enhancement and mitigating factors is within the sound discretion of the trial court. *Carter*, 254 S.W.3d at

345. ). "[A] trial court's misapplication of an enhancement or mitigating factor does not invalidate the sentence imposed unless the trial court wholly departed from the 1989 Act, as amended in 2005." *Bise*, 380 S.W.3d at 706. "So long as there are other reasons consistent with the purposes and principles of sentencing, as provided by statute, a sentence imposed by the trial court within the appropriate range should be upheld." *Id.* Moreover, "[m]ere inadequacy in the articulation of the reasons for imposing a particular sentence . . . should not negate the presumption [of reasonableness]." *Bise*, 380 S.W.3d at 705-06. This Court will uphold the sentence "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Bise*, 380 S.W.3d at 709.

Specifically, Defendant argues that the trial court did not place, on the record, which factors were considered and the weight applied to each. However, the trial court thoroughly articulated the reasons behind its sentencing decision. The trial court read the presentence report and was aware of the "extensive history in this case." The trial court noted that Defendant had failed to comply with probation "numerous times" and that Defendant "picked up another charge" in Rutherford County while waiting for sentencing on the current charge. The trial court stated that it "[doesn't] think the minimum sentence is sufficient." The trial court found that Defendant was a career offender. T.C.A. 40-35-108(a)(3).

A defendant sentenced as a career offender must receive the maximum sentence within Range III. T.C.A. 40-35-108(c). A Range III sentence for a Class E felony is "not less than four (4) nor more than six (6) years." T.C.A. 40-35-112(c)(5). The trial court sentenced Defendant within the appropriate range. This within-range sentence is entitled to a presumption of reasonableness. Defendant is not entitled to relief.

*Conclusion*

Based on the foregoing, we affirm the judgment of the trial court.

_____
TIMOTHY L. EASTER, JUDGE

- 4 -